
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CITY OF VANCOUVER, a Washington municipal corporation, | No. 08-35954 |
| Plaintiff - Appellant, | D.C. No. 3:08-cv-05192-BHS |
| v. | MEMORANDUM [**] |
| GEORGE SKIBINE,[*] in his official capacity as Acting Chairman of the National Indian Gaming Commission; NATIONAL INDIAN GAMING COMMISSION, | |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Western District of Washington
Benjamin H. Settle, District Judge, Presiding

Argued and Submitted August 2, 2010
Seattle, Washington

Before: CANBY, NOONAN and BERZON, Circuit Judges.

---

[*]    George Skibine is substituted for Philip Hogen, pursuant to Fed. R. App. P. 43(c)(2).

[**]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

The City of Vancouver appeals the district court's dismissal, on standing grounds, of its action challenging the National Indian Gaming Commission's approval of an amendment to a tribal gaming ordinance enacted by the Cowlitz Indian Tribe. We affirm.

The City does not challenge the substance of the amendment to the gaming ordinance; it objects only to the timing of the approval, contending that the Commission violated a procedural rule by acting before the Department of the Interior had made a final decision on the Tribe's fee-to-trust application. It is undisputed that the Tribe cannot conduct the gaming operations contemplated by the gaming ordinance before the Department approves its fee-to-trust application.

"[T]o show a cognizable injury in fact," a plaintiff asserting a procedural injury "must allege . . . that (1) the [agency] violated certain procedural rules; (2) these rules protect [a plaintiff's] concrete interests; and (3) it is reasonably probable that the challenged action will threaten their concrete interests." *City of Sausalito v. O'Neill*, 386 F.3d 1186, 1197 (9th Cir. 2004) (quoting *Citizens for Better Forestry v. U.S. Dep't of Agric.*, 341 F.3d 961, 969-70 (9th Cir. 2003)) (alterations in original). The City's argument that the Commission should have waited for the Department to approve the Tribe's fee-to-trust application rests solely on the requirement of the Indian Gaming Regulatory Act ("IGRA") that

gaming take place on "Indian lands," 25 U.S.C. §§ 2710(b)(1), 2710(d)(1), defined to include, *inter alia*, "lands title to which is . . . held in trust by the United States for the benefit of any Indian tribe . . . and over which an Indian tribe exercises governmental power," *id.* § 2703. The Commission's approval of the Tribe's gaming ordinance expressly provided, however, that before the Tribe could conduct gaming on the site, "the Department of the Interior must first accept the land into trust, and the Tribe must first exercise government authority over the site." Thus, we reject the City's contention that the Commission violated a procedural rule by approving an amendment to the gaming ordinance before the Department had acted on the Tribe's fee-to-trust application.

Although the City asserts that the Commission's approval could influence the Department to adopt the Restored Lands Opinion on which the Commission relied, it points to no statutory or regulatory authority requiring the Department to consider the Commission's Opinion on that matter, or to regard the Opinion as dispositive. The Department must make a determination regarding the applicability of Section 20 of IGRA, 25 U.S.C. § 2719, as part of the fee-to-trust approval process, *see* 25 C.F.R. § 151.10(c). Moreover, as conceded by the City at oral argument, regardless of whether the Department relies on the Commission's Restored Lands Opinion in making its Section 20 determination, the City will have

3

an opportunity to challenge the substance of that determination—including any restored lands decision, however arrived at—when and if the Department issues a final decision approving the Tribe's fee-to-trust application.  *See* 25 C.F.R. § 151.12(b).

As the City has not established a procedural injury resulting from the timing of the Commission's approval, it does not have Article III standing to maintain this suit.  *See City of Sausalito*, 386 F.3d at 1197.  We affirm the district court's dismissal for lack of subject matter jurisdiction.

**AFFIRMED.**